IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ELAINE HANEY,**

      Plaintiff,

  v.

**NEW LIFECARE HOSPITALS OF DAYTON LLC,**

      Defendant.

Case No. 3:14-cv-91

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

## STIPULATED PROTECTIVE ORDER

Based upon the parties' stipulations, the Court **ORDERS** as follows:

1. This Protective Order shall be entered pursuant to Federal Rule of Civil Procedure 26(c).

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant's; and/or Defendant's organizational structure;

    (b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

    (c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

    (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of

the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  The Parties will use their best efforts to limit the number of documents designated Confidential.

    4.    Inadvertent or prior production of any document and/or information without a designation of "CONFIDENTIAL" will not be deemed to waive a Party's claim to its confidential nature or prohibit any Party from subsequently designating said document or information as "CONFIDENTIAL." Documents produced before the entry date of this Order, or documents produced but not stamped as "CONFIDENTIAL," may retroactively be so stamped and shall not be construed to be a waiver, in whole or in part, of that Party's claims of confidentiality.  Disclosure by the other Party prior to such later designation shall not be deemed a violation of the provisions of this Order.

    5.    Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

    6.    Qualified recipients shall include only the following:

    (a)    In-house counsel and law firms for each Party and the secretarial, clerical and paralegal staff of each;

    (b)    Deposition notaries and staff;

    (c)    Persons other than legal counsel who have been retained or specially employed by a Party investigative work or fact research;

    (d)    Deponents during the course of their depositions or potential witnesses of this case; and

    (e)    The parties to this litigation, their officers and professional employees.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either Party objects to the claims that information should be deemed Confidential, that Party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the Parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. In the event that Confidential Information is referenced in whole or in part and/or included in depositions, exhibits or other items filed with the Court, the Party submitting said Confidential Information shall, if also the Party who designated the information Confidential, either redact any and all Confidential Information from the document prior to filing. If the Party submitting said Confidential Information is not the Party who designated the information Confidential, the submitting Party shall confer with the designating Party to determine whether there is an acceptable way to redact the Confidential Information from the document prior to filing. If the Party who designated the information Confidential indicates that redaction is not agreeable, a Party may, in lieu of redacting Confidential Information from a document, file

a motion for the documents to be preserved under seal, and upon the Judge signing an Order granting the Party's Motion, shall submit the documents to the Court under seal.

9. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the Parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

10. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

11. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

12. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

13. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

14. Nothing in the Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, a modification of this Order.

15. The Clerk of Court will forward a certified copy of the Protective Order to all counsel of record at the addresses listed in the signature lines below.

16. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

STIPULATED TO THIS 28TH DAY OF OCTOBER, 2014.

**IT IS SO ORDERED**:

Date: December 2, 2014  *s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge

**JASON P. MATTHEWS, LLC**  **LITTLER MENDELSON, P.C.**

*/s/ Jason P. Matthews* (per email consent, 10/28/2014)  */s/ Kaila M. Krausz*
Jason P. Matthews, Esq.  Tracy Stott Pyles, Esq.
*Attorney for Plaintiff*  Kaila M. Krausz, Esq.
*Attorneys for Defendant*

Firmwide:127767760.1 078059.1005

5